UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA FROST,

    Plaintiff,

v.

                                                                   Case No.: 8:14-cv-81-T-24MAP

MARJORY L. MCNEILUS and
MCNEILUS AUTO AND TRUCK PARTS,

    Defendants.
_____/

**DEFENDANTS' MOTION IN LIMINE REGARDING
ELABORATING ON PLAINTIFF'S PERSONAL HISTORY AND BACKGROUND**

    Defendants, Marjory L. McNeilus and McNeilus Auto and Truck Parts, file this Motion in Limine Regarding Elaborating on Plaintiff's Personal History and Background ("Motion"), and state:

**Introduction**

    This lawsuit arises from injuries sustained by Plaintiff during an automobile accident that occurred on March 20, 2013 in Hillsborough County, Florida. Defendants admit to liability, and therefore, this is a damages-only case with a dispute over Plaintiff's future medical care and costs and non-economic damages. [Doc. 21] Any testimony, argument, or reference elaborating or emphasizing on Plaintiff's personal history and background are irrelevant and prejudicial and should be excluded.

**Memorandum of Law**

    Relevant evidence is evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Thus, irrelevant evidence is not admissible. Fed. R.

Evid. 402.  Federal Rule of Evidence 403 provides that even if relevant, such evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In this case, it is anticipated that Plaintiff will testify regarding her upbringing with missionary parents in a foreign country, her and her husband's Christian education, and her family, which includes a son in the U.S. Marine Corps.  While it is anticipated that Plaintiff will testify about her background and history, which is admissible, elaborating or emphasizing on Plaintiff's history or background through direct examination, argument, or otherwise to curry favor with the jury is improper.  Additionally, the probative value of such testimony and arguments, if any, is substantially outweighed by the danger of unfair prejudice on Defendants.  Accordingly, Defendants request this Motion be granted.

## Certificate of Compliance

Undersigned counsel certified they have conferred with Maryann Furman, counsel for Plaintiff, and Plaintiff does not agree with this Motion.


Dated:  February 10, 2015                    Respectfully submitted,


/s/ Phillip S. Howell                              
Phillip S. Howell, Esq. (FBN: 0377030)
Autumn P. George, Esq. (FBN: 0078189)
Galloway, Johnson, Tompkins, Burr & Smith, PLC
620 East Twiggs St., Ste. 303
Tampa, Florida  33602
Tel:  813-977-1200
Fax:  813-977-1288
phowell@gallawayjohnson.com
ageorge@gallowayjohnson.com
Attorneys for Defendants

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by electronic filing (unless noted otherwise) on February 10, 2015 on all counsel or parties of record on the Service List below.

/s/ Phillip S. Howell
Signature of Filer

## SERVICE LIST

Maryann Furman, Esq.
The Nurse Lawyer, Inc.
FBN: 26535
6623 U.S. Highway 19
New Port Richey, FL 34652
Tel: 727-807-6182
Fax: 727-848-6182
Email: maryann@thenurselawyer.com and Kelly@thenurselawyer.com
Attorney for Plaintiff