UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA FROST,

    Plaintiff,                                         Case No: 8:14-CV-81-T-24MAP

v.

MARJORY MCNEILUS and
MCNEILUS AUTO AND TRUCK PARTS,

    Defendants.
_____/

**PLAINTIFF, DEBRA FROST'S, RESPONSE TO DEFENDANTS' MOTION IN LIMINE AND INCORPORATED MEMORANDUM OF LAW REGARDING PLAINTIFF'S PERSONAL HISTORY AND BACKGROUND**

Plaintiff, Debra Frost, by and through her undersigned counsel, files this Response to Defendants', Marjory McNeilus and McNeilus Auto and Truck Parts, Motion in Limine and Incorporated Memorandum of Law Regarding Plaintiff's Personal History and Background, and as grounds states:

**INTRODUCTION**

This lawsuit arises out of injuries sustained by Plaintiff during an automobile accident that occurred on March 20, 2013, in Hillsborough County, Florida. Plaintiff suffered injuries as a result of that crash, and underwent medical care and treatment, including surgery to the cervical spine. Defendants admit liability, and do not dispute any of Plaintiff's medical care and treatment as a result of this crash. The only issues remaining for the jury to decide at trial are Plaintiff's future medical care needs and the cost of that care, as well as non-economic

damages. [Doc 21]

Defendants have requested that Plaintiff, Debra Frost, be prohibited from expanding or elaborating on her background, and contend that it would be irrelevant and prejudicial to Defendants. As stated in Defendants' Motion in Limine Regarding Elaborating on Plaintiff's Personal History and Background, Plaintiff comes from an impressive background, which includes traveling to foreign countries with her missionary parents, attending Bible College, achieving a marriage of 25 years, and raising a son who is now in the military. Although Defendants admit that Plaintiff's background is admissible, they believe that it should be limited. However, Plaintiff argues that testimony regarding her background, upbringing, and history, is relevant in assisting the jury in assessing her damages, is not prejudicial to the Defendants, and should not be limited.

**MEMORANDUM OF LAW**

Relevant evidence is evidence: a) tending to make a fact more or less probable than it would be without the evidence; and b) the fact is of consequence in determining the action. Fed. R. Evid. 401(2011). However, the court may still exclude relevant evidence if its probative value is substantially outweighed by a danger of: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Here, Plaintiff, Debra Frost's, background and history are admissible, and is

clearly relevant, specifically, as to Plaintiff's future medical damages, as well as pain and suffering in the past as well as to be expected in the future.

### A. Travel to Foreign Countries

As stated above, Plaintiff, Debra Frost had a unique upbringing. As the daughter of Christian missionaries, Plaintiff spent the majority of her childhood on the Amazon River where her parents were serving on missions for local Indians. Plaintiff spent her school age years attending boarding school in Brazil. Plaintiff's spouse, Paul Frost, had a typical upbringing and they actually met at a very young age while their parents both worked as missionaries in Brazil. While traveling abroad and enjoying this unique lifestyle, Plaintiff grew up spending a lot of time outdoors, on the water, and was very active. Plaintiff's passion for nature and outside activities continued as she became an adult, and prior to this motor vehicle crash, she frequently spent her weekends and free time outside.

> Q: So when you're - - have a weekend and you have a weekend off and you're going to have fun, you just typically go boating and socialize?
>
> A: Yeah. Boating, fishing, things like that, a lot of water activities. (**Exhibit A**, Excerpts of Deposition of Plaintiff Debra Frost, May 6, 2014; p. 14: 21-25).

However, as a result of this accident, Plaintiff continuously suffers from pain in both her neck and low back, and her outdoor activities are severely limited. As such, this has substantially interfered with her lifestyle.

> Q: All right. Before we got off on the break, I was asking if - - I was asking about psychological damages. Have - - as a result of this injury or the incident, have - - has your quality of life decreased?

>A: Yes.
>
>Q: Okay. And how so?
>
>A. All the - - it's limited me on a lot of things that I used to do. My husband and I offshore fish; I haven't really been able to stand any kind of chop going out, like boating has to be on a good day. I used to walk my dog all the time; I really can't do that. I ride bikes. The things that we did, I can't really accomplish without incurring a lot of pain afterwards. Just all those things. It's a daily thing, so it affects me daily. (**Ex. A**, Depo Debra Frost, p. 90: 2-16).

Although Plaintiff was not asked in depth about her upbringing and lifestyle traveling with her missionary parents in her deposition, if allowed to expand on that at trial, Plaintiff will testify that her entire childhood consisted of outdoor activities, and an overall outdoor lifestyle, which continued into her adulthood. Consequently, as a result of this accident, Plaintiff's lifestyle is severely hampered. Therefore, testimony regarding Plaintiff's personal history and background is relevant evidence, as it tends to make the existence of her future damages more probable.

**B. Christianity**

Defendants also contend that Plaintiff should be prohibited from expanding or elaborating on her Christianity, as it is not relevant and is prejudicial to the Defendants. Again, Plaintiff argues that her religion is very relevant to her damages, and any prejudicial effect on the Defendants is far outweighed by the probative value.

Plaintiff's parents were both Christian, and raised her to be a Christian as

well. When Plaintiff became an adult, she made the decision to continue her faith, and attended several Christian colleges, including Pensacola Christian College, and New Tribes Bible Institute, which she attended with her husband. Plaintiff then graduated from New Tribes Bible Institute, with an associate's degree in theology. (**Ex. A**, Depo Debra Frost, p. 11: 7-22).

As a Christian, Plaintiff was instilled with certain beliefs regarding her duties as a wife and mother. Due to this crash Plaintiff has been unable to care for her family and husband the way she once did. Plaintiff's husband, Paul Frost, who is also a devout Christian, believes that divorce is not an option. However, the physical pain and emotional distress as a result of this accident has put a significant burden on Plaintiff's marriage, and has caused her to seek counseling.

> Q: There's a - - it's Trinity Counseling Services is listed underneath there.
>
> A: Yes.
>
> Q: Do you see that?
>
> A: Mm-hmm.
>
> Q: And what is that for?
> A. Counseling.
>
> Q. For what?
>
> A. Just having issues, my husband and I, a lot of it as a result of a lot of stress from all this put on our relationship and just not getting along. (**Ex. A**, Depo Debra Frost; p. 80: 7-17).

Plaintiff further explained why as a Christian, she sought counseling.

5

Q: Now, with the counseling at Trinity Counseling Services, did the doctor make any recommendations of how to improve?

A: Yes. He's a Christian counselor so he did a lot counseling in how to be a better wife, how to be more tolerant, just things like that, giving me exercise books to read, things like that, to work on my end of the situation. (**Ex. A**, Depo Debra Frost, p. 89-90: 22-25, 1-4).

More importantly, Plaintiff testified in her deposition that she never had these types of marriage issues, or attended counseling, prior to this accident. (**Ex. A**, Depo Debra Frost, p. 90: 18-23). Subsequently, in Paul Frost's deposition, taken on January 27, 2015, he more thoroughly specified the effect this accident has had on their marriage, specifically in relation to their religion.

A: Well, after the, after the accident - - My wife, before the accident, we were very active and did a lot of things, and always outdoors, doing stuff. Then after the accident, she couldn't do a lot of the activities that we would do, because it would cause her pain, so it added a lot of stress between us, because I continued to do some of the things that I was doing. I like – - I like to run, and she would ride her bike while I would run, so it - - in a lot of ways, I think it made her feel like she was inadequate, and made her feel bad, so it created a lot of stress between us. I think there was a lot of, just a lot of friction between the two of us, and so she decided that she wanted to get some counseling. (**Exhibit B**, Excerpts of Deposition Paul Frost, January 27, 2015, p. 29: 7-21).

Despite the friction and marital problems this motor vehicle accident has caused, Plaintiff's husband, Paul, made it clear that as a result of his love for his wife, and their faith, divorce is not an option. (**Ex. B**, Depo Paul Frost, p. 31: 2-16). Therefore, Plaintiff's upbringing, along with her Christianity are relevant to show the devastating effect this accident has had on her emotional and spiritual wellbeing, as well as her marriage.

### C. Probative v. Prejudicial Effect

In determining whether evidence is admissible under Fed R. Evid. 403, ". . . [T]he court should give the evidence its maximum reasonable probative force, and its minimum reasonable prejudicial value." *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1139 (Fla. 10th Cir. 2006). Furthermore,

> "A district court exclusion of relevant evidence due to the danger of unfair prejudice is an extraordinary remedy which the district court should invoke sparingly, and the balance. . . should be struck in favor of admissibility." *Skye v. Maersk Line Ltd. Corp.*, No. 11-21589-CIV, 2012 WL 1252523, at *1 (S.D. Fla. April 13, 2012), *citing United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003).

Defendants argue that the probative value of allowing Plaintiff to detail and emphasize her background and history would be substantially outweighed by the danger of unfair prejudice to Defendants. However, Plaintiff contends that the probative value of this evidence far outweighs the alleged prejudice the Defendants might experience.

Consistent with Federal law, including the Eleventh Circuit, admissibility of potentially relevant evidence is given priority over evidence that may be prejudicial to a defendant. In this present case, evidence of Plaintiff's background and history are extremely relevant and probative in assisting the jury in determining her damages, and are not prejudicial to the Defendant.

Wherefore, Plaintiff, Debra Frost, respectfully request this Honorable Court deny Defendants', Marjory McNeilus and McNeilus Auto and Truck Parts, Motion in Limine and Incorporated Memorandum of Law Regarding Plaintiff's Personal

History and Background.

                                          Respectfully Submitted,

                                          /s/ Maryann Furman, Esq.
                                          Maryann Furman, Esquire
                                          The Nurse Lawyer, P.A.
                                          FBN: 0026535
                                          6623 U.S. Highway 19
                                          New Port Richey, Florida  34652
                                          (727) 807-6182 Office
                                          (727) 848-6182 Fax
                                          Primary:  maryann@thenurselawyer.com
                                          Secondary:  kelly@thenurselawyer.com
                                          megan@thenurselawyer.com
                                          Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on the 17th day of February 2015, I electronically filed, and served, the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Phillip S. Howell, Esq. and Autumn P. George, Esq., Galloway, Johnson, Tomkins, Burr & Smith, PLC, 620 E. Twiggs Street, Suite 303, Tampa, FL 33602 (tampaservice@gjtbs.com, ageorge@gjtbs.com and phowell@gjtbs.com).

                                          /s/Maryann Furman, Esq.
                                           Signature of Filer