UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA FROST,

    Plaintiff,

v.                                            Case No.: 8:14-cv-81-T-24 MAP

MARJORY MCNEILUS and
MCNEILUS AUTO AND TRUCK
PARTS,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' objection to Plaintiff's updated expert reports and motion in limine to exclude them. (Doc. No. 30). Plaintiff opposes the motion (Doc. No. 42), and Defendants have filed a reply (Doc. No. 57). As explained below, the Court overrules the objection and denies the motion.

## I.  Background

This is a car accident case, in which Defendants admit liability for the accident and have agreed to the amount that Plaintiff is entitled to receive for past medical expenses. The parties disagree about the amount of future medical expenses and total pain and suffering damages to be awarded to Plaintiff, if at all.

## II.  Updated Expert Reports

The expert disclosure deadlines in this case were extended to August 15, 2014 for Plaintiff and September 15, 2014 for Defendants. (Doc. No. 17). The discovery deadline in this case was October 1, 2014. (Doc. No. 12).

On August 15, 2014, Plaintiff served the expert reports of Gerri Pennachio (life care

planner) and Brenda Mulder (economist). These reports were based on the medical opinions of Dr. Hayes, Plaintiff's orthopedic surgeon.

On September 15, 2014, Defendants served the expert report of Dr. Balis; however, this report was incomplete. Thereafter, Defendants provided Plaintiff with five additional expert reports from Dr. Balis after the expert disclosure deadline—the latest one being provided on December 10, 2014. Additionally, Defendants asked Plaintiff if they could conduct discovery of Plaintiff's witnesses after the discovery cutoff, to which Plaintiff agreed.

After Plaintiff served her expert reports, Plaintiff saw Dr. Hayes for treatment on November 24, 2014. Thereafter, on December 11, 2014, Defendants deposed Dr. Hayes, and at that time, his opinions about Plaintiff's future medical treatment changed from his prior opinion on which Plaintiff's expert reports were based. As a result of Dr. Hayes' December 11, 2014 deposition testimony, Plaintiffs provided Defendants with updated expert reports on January 13 and 14, 2015.

Defendants filed the instant motion to preclude Plaintiff from using the updated expert reports, arguing that the reports should be excluded pursuant to Federal Rule of Civil Procedure 37(c) due to their late disclosure. However, Defendants fail to address the fact that they too provided untimely expert reports and have been conducting discovery well after the October 1, 2014 deadline.[1] Given that the untimeliness of Plaintiff's expert reports resulted from discovery that occurred after the discovery deadline (and is based on medical treatment that occurred after the expert disclosure deadline), and because the Court concludes that Defendants will not be prejudiced by these updated expert reports, the Court denies Defendant's motion to exclude

---

[1] In fact, Defendants have scheduled a deposition for March 2, 2015.

them.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' objection and motion in limine (Doc. No. 30) is **OVERRULED** and **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of February, 2015.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge