UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA FROST,

      Plaintiff,

                                       Case No.: 8:14-cv-81-T-24 MAP

v.

MARJORY MCNEILUS and
MCNEILUS AUTO AND TRUCK
PARTS,

      Defendants.

_____/

## ORDER

This cause comes before the Court on the parties' five remaining motions in limine (Doc. No. 28, 29, 31, 32, 33) and the responses thereto (Doc. No. 44, 46, 45, 51, 50).  Accordingly, the Court addresses each motion below.

## I.  Background

This is a car accident case, in which Defendants admit liability for the accident and have agreed to the amount that Plaintiff is entitled to receive for past medical expenses.  The parties disagree about the amount of future medical expenses and total pain and suffering damages to be awarded to Plaintiff, if at all.

## II.  Plaintiff's Personal History (Doc. No. 28)

Defendants move to prohibit elaborating on or emphasizing Plaintiff's background, arguing that such would be done simply to curry favor with the jury.  Specifically, Defendants are referring to Plaintiff's upbringing with missionary parents in a foreign country, her Christian education, and her son being in the military.  To the extent that this evidence is deemed relevant, Defendants argue that its probative value is substantially outweighed by the danger of unfair

prejudice.

Plaintiff opposes the motion, arguing that her background is entirely relevant (and not unfairly prejudicial), because it will assist the jury in assessing her damages.  With respect to her upbringing, Plaintiff states that as the daughter of Christian missionaries, she spent most of her childhood on the Amazon River and then attending boarding school in Brazil.  As a result, Plaintiff grew up spending a lot of time outdoors, on the water, and was very active.  As an adult, she continued to enjoy these active outdoor activities prior to the car accident at issue.  Thus, the evidence of her upbringing and active lifestyle is directly related to how she has been damaged by the accident, as she can no longer engage in the activities that she used to enjoy.  The Court agrees that evidence of her upbringing is relevant in this case and should not be prohibited at this time.  If the evidence or references to Plaintiff's past becomes irrelevant or unfairly prejudicial, Defendants may object at trial.

Plaintiff also argues that her Christianity is relevant to her damages in this case, because as Christians, she and her husband believe that divorce is not an option for them, despite the strain this accident has placed on their relationship.  Plaintiff points out that she has sought Christian counseling as a result of "the devastating effect that this accident has had on her emotional and spiritual wellbeing, as well as her marriage."  (Doc. No. 44, p. 6).  While Plaintiff may introduce evidence that she does not believe that divorce is an option due to her religious beliefs, the Court agrees that any further elaboration into her religious background would be irrelevant and unfairly prejudicial to Defendants.  To that limited extent, Defendants' motion in limine is granted.

Accordingly, this motion is granted in part and denied in part.  The motion is granted to

the extent that Plaintiff may not elaborate on her religious background beyond stating that: (1) her parents were Christian missionaries, and as a result, she spent her childhood in foreign countries; and (2) she does not believe that divorce is an option due to her religious beliefs. Otherwise, the motion is denied without prejudice, and Defendants can raise objections at trial.

## III. Dr. Desai (Doc. No. 29)

Next, Defendants move to preclude Plaintiff from introducing the allegedly cumulative testimony of Dr. Desai, Plaintiff's reading radiologist who diagnosed Plaintiff's injuries. Defendants argue that Dr. Desai's testimony will be cumulative and duplicative, given that Plaintiff's orthopedic surgeon (Dr. Hayes) will be testifying at trial. Further, Defendants argue that Dr. Desai's cumulative testimony will improperly serve to bolster the opinions of Dr. Hayes. However, at the time of filing the motion, Defendants do not know what specifically Dr. Desai will testify about that is cumulative or duplicative, because Dr. Desai's deposition has not yet been taken.

Plaintiff responds that Dr. Desai's testimony will not be cumulative, duplicative, or improper bolstering, because he is a different type of doctor than Dr. Hayes, and both doctors' testimony is necessary to provide of full picture to the jury. On the limited record before the Court, the Court cannot conclude that Dr. Desai's testimony will be cumulative, duplicative, or improper bolstering. Therefore, the Court denies this motion without prejudice, and if necessary, Defendants can raise specific objections during the trial.

## IV. Future Medical Expenses (Doc. No. 31)

Next, Defendants move to exclude evidence of Plaintiff's alleged future development of adjacent-level disease and subsequent need for a second neck surgery, as well as the cost of such

a surgery.  Defendants argue that whether Plaintiff will, in fact, develop adjacent-level disease

and need a second surgery is purely speculative.  In support of this argument, Defendants point

to the deposition testimony of Plaintiff's orthopedic surgeon, Dr. Hayes, in which he states that

Plaintiff will likely not need a second surgery within the next 15 years and that he is just

speculating that Plaintiff will develop adjacent-level disease and need a second surgery.  (Doc.

No. 31-1, depo. p. 85).

However, when Dr. Hayes' testimony is read in context, he states: (1) within a reasonable

degree of medical certainty, Plaintiff will need a second surgery within her lifetime (although not

necessarily within the next 15 years); (2) there is a 2.9% per year risk of adjacent-level disease

when only one level is at issue (and there are two levels at issue in Plaintiff's case, which puts

her at a higher risk); and (3) it is possible that a surgery would not be necessary if the adjacent

disc fuses together naturally without collapsing.  (Doc. No. 31-1, depo. p. 79-86.  Dr. Hayes

states in his deposition that he was "speculating" after he discussed the need for an additional

surgery if there was a natural fusion.  (Doc. No. 31-1, depo p. 85).  However, he continued by

stating that "all we can do is work with the data we're provided and estimate."  (Doc. No. 31-1,

depo p. 85-86).

Plaintiff argues that such evidence should not be excluded.  Instead, Plaintiff argues that

any qualifications in Dr. Hayes' opinion goes to the weight that should be given to his opinion,

not to the admissibility of the opinion.  This Court agrees.  As stated by one court:

> [O]nly those future medical expenses "reasonably certain" to be
> incurred are recoverable as damages in a personal injury action. . . .
> [I]t follows that a recovery of future medical expenses cannot be
> grounded on the mere "possibility" that certain treatment "might" be
> obtained in the future.
>
>                    *        *        *

4

> [W]here there is sufficient evidence from which a jury could infer a
> need for future medical treatment with reasonably certainty, an award
> of future medical expenses is proper.
>
> *     *     *
>
> [W]hatever qualification is placed on the opinion by the expert (i.e.,
> surgery is possible or likely) goes to the *weight* of the opinion, and
> not its *admissibility*. Therefore, we agree that a medical expert may
> testify that future medical procedures are "possible" or "likely," and
> need not phrase an opinion in terms of such surgery or treatment
> being "reasonably necessary." . . . [W]hether the plaintiff has
> satisfied his burden of proving that such future operative procedures
> are reasonably necessary is an issue for the jury to decide so long as
> there is competent evidence upon which the issue may be submitted
> to the jury.

White v. Westlund, 624 So. 2d 1148, 1150-51 (Fla. 4th DCA 1993)(internal citations omitted);

see also Sheardon v. Sullivan, 821 So. 2d 1222, 1225 (Fla. 1st DCA 2002).  This is consistent

with the standard for imposing future economic damages:

> [A]n award of future economic damages . . . is appropriate only when
> such damages are established with *reasonable certainty*.  In every
> case, plaintiff must afford a basis for a reasonable estimate of the
> amount of his loss and only medical expenses which are reasonably
> certain to be incurred in the future are recoverable.  It is a plaintiff's
> burden to establish that future medical expenses will more probably
> than not be incurred.  That burden may only be met with competent
> substantial evidence.  There must be evidence in the record from
> which the jury could, with reasonable certainty, determine the
> amount of medical expense [plaintiff] would be likely to incur in the
> future.  A mere possibility that certain treatment might be obtained
> in the future cannot form the basis of an award of future medical
> expenses.

Fasani v. Kowalski, 43 So. 3d 805, 812 (Fla. 3d DCA 2010)(internal citations and quotation

marks omitted).  Accordingly, the Court concludes that Defendants' motion on this issue is

denied.

**V.  Dr. Gold's Revision (Doc. No. 32)**

Plaintiff moves to exclude any evidence of or reference to the fact that Dr. Gold

(Plaintiff's chiropractor) revised his initial report regarding Plaintiff's involvement in a prior car accident. Specifically, Dr. Gold initially reported that Plaintiff had been involved in a prior car accident and sustained injuries for which she received treatment. Thereafter, Plaintiff's counsel brought this factual inaccuracy to Dr. Gold's attention, Dr. Gold spoke with Plaintiff, and Dr. Gold revised his report to state that Plaintiff had been involved in a prior car accident and that she had no symptoms after that accident. Plaintiff moves to exclude the initial report and the fact that a revision occurred, arguing that such is irrelevant and any probative value would be outweighed by the danger of unfair prejudice.

Defendants respond that, while Dr. Gold will not be testifying at trial, his medical records will be admitted into evidence, and the jury should have access to his complete record (including both his initial and his revised reports). However, Defendants do not explain the relevance of the initial report, and as such, the Court agrees with Plaintiff that it is irrelevant and should be excluded. Accordingly, the Court grants Plaintiff's motion on this issue and prohibits any evidence of or reference to the fact that Dr. Gold revised his initial report.

## VI.  Unknown Consulting Neuroradiologists (Doc. No. 33)

Next, Plaintiff moves to exclude any evidence of or reference to the fact that Dr. Balis (Defendant's expert neurosurgeon) consulted with unknown neuroradiologists when reviewing Plaintiff's MRI's and X-rays. Plaintiff argues that since Dr. Balis did not identify the neuroradiologists that he consulted with, Plaintiff could not depose them, and allowing Dr. Balis to testify about the consultation would be unfairly prejudicial. Plaintiff argues that she would be unfairly prejudiced, because allowing Dr. Balis to testify that the neuroradiologists agreed with his opinions would equate to: (1) unfairly bolstering Dr. Balis's opinion; and (2) allowing the

6

neuroradiologists' expert opinions into evidence without giving Plaintiff an opportunity to cross-examine them.

Defendants respond that they do not intend to question Dr. Balis about the opinions of the consulting neuroradiologists and/or that the neuroradiologists agreed with his opinions. However, they do intend to have Dr. Balis testify that he consulted with the neuroradiologists and that he always consults with neuroradiologists (rather than radiologists) because he believes that is better for patient care. Defendants contend that such testimony is relevant and admissible, because it shows how Dr. Balis arrived at his opinions. The Court agrees with Defendants that such testimony from Dr. Balis is relevant and admissible.

Accordingly, the Court grants this motion to the extent that Dr. Balis cannot testify about the opinions of the consulting neuroradiologists and/or that the neuroradiologists agreed with his opinions. However, the Court denies the motion to the extent that Dr. Balis can testify that he consulted with the neuroradiologists and that he always consults with neuroradiologists (rather than radiologists) because he believes that is better for patient care.

**VII.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Defendants' Motion in Limine (Doc. No. 28) regarding Plaintiff's personal history and background is **GRANTED** to the extent that she may not elaborate on her religious background beyond stating that: (1) her parents were Christian missionaries, and as a result, she spent her childhood in foreign countries; and (2) she does not believe that divorce is an option due to her religious beliefs. Otherwise, the motion is **DENIED WITHOUT PREJUDICE**, and Defendants

can raise objections at trial.

(2)     Defendants' Motion in Limine (Doc. No. 29) regarding the testimony of Dr. Desai
is **DENIED WITHOUT PREJUDICE**, and Defendants can raise specific
objections at trial.

(3)     Defendants' Motion in Limine (Doc. No. 31) regarding future medical expenses is
**DENIED**.

(4)     Plaintiff's Motion in Limine (Doc. No. 32) regarding Dr. Gold's revision to his
initial report is **GRANTED**.

(5)     Plaintiff's Motion in Limine (Doc. No. 33) regarding unknown consulting
neuroradiologists is **GRANTED IN PART AND DENIED IN PART:** The Court
grants this motion to the extent that Dr. Balis cannot testify about the opinions of
the consulting neuroradiologists and/or that the neuroradiologists agreed with his
opinions.  However, the Court denies the motion to the extent that Dr. Balis can
testify that he consulted with the neuroradiologists and that he always consults
with neuroradiologists (rather than radiologists) because he believes that is better
for patient care.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of February, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record