UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA FROST,

    Plaintiff,

v.

                                                      Case No.: 8:14-cv-81-T-24 MAP

MARJORY MCNEILUS and
MCNEILUS AUTO AND TRUCK
PARTS,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Costs. (Doc. No. 89). Defendants oppose the motion in part. (Doc. No. 90). As explained below, the motion is granted in part and denied in part.

**I. Background**

This was a car accident case, in which Defendants admitted liability for the accident and agreed to the amount that Plaintiff was entitled to receive for past medical expenses. The parties disagreed about the amount of future medical expenses and total pain and suffering damages to be awarded to Plaintiff, and they went to trial on those issues. The jury returned a verdict in favor of Plaintiff on those remaining issues. (Doc. No. 86).

**II. Motion for Costs**

Plaintiff moves this Court for an award of $27,070.95 in costs. In reviewing Plaintiff's motion for costs, the Court is mindful of the following:

> A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. Congress has delineated which costs are recoverable under Rule 54(d), Fed.R.Civ.P. The Court has the discretion to award those costs

> specifically enumerated in 28 U.S.C. § 1920. The Court, however, may not tax as costs any items not authorized by statute. When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party.

Monelus v. Tocodrian, Inc., 609 F. Supp.2d 1328, 1332-33 (S.D. Fla. 2009)(internal citations omitted).

Defendants do not dispute the following costs: $412 filing fee; $55 process server fee; $2,492.55 for deposition transcripts; and $1,100.98 in photocopying costs. As such, Defendants agree to an award of costs in the amount of $4,060.53.

Defendants, however, dispute Plaintiff's entitlement to the following costs: (1) the additional $50 paid to the process server; (2) a $900 video conference fee for Defendant Marjory McNeilus' deposition; (3) a $160 court reporter hourly appearance fee in connection with Dr. Balis' deposition; (4) $20,000 in expert witness fees; (5) $579.99 for Plaintiff's counsel's hotel stay during trial; (6) $45 for Plaintiff's counsel's parking during trial; (7) $234.43 for Plaintiff's counsel's mileage throughout this case; (8) $16 to obtain a copy of the police report of the car accident; (9) $525 for mediation; and (10) $500 for Plaintiff's Compulsory Medical Examination ("CME"). Accordingly, the Court will address each objection.

**A. Process Server**

Plaintiff sought $105 for its process server, and Defendants agreed to an award of $55 of those costs. Defendant objects to the additional $50 sought, arguing that § 1920 only allows for fees of the marshal, and 28 C.F.R. 0.114 limits that amount to $55. The Court agrees with Defendant, except that 28 C.F.R. 0.114 limits that amount to $65, not $55. As such, the Court awards Plaintiff a total of $65 for its process server.

### B. Depositions

Plaintiff seeks reimbursement for a $900 video conference fee for Defendant Marjory McNeilus' deposition. This does not appear to be a fee to *videotape* the deposition; instead, this appears to be a fee for the McNeiluses to appear via video conference for the deposition. Defendants object, because this is not a recoverable cost set forth in § 1920. The Court agrees with Defendants that Plaintiff cannot recover this cost.

Plaintiff also seeks reimbursement for a $160 court reporter hourly appearance fee in connection with Dr. Balis' deposition. Defendants do not object to the cost of Dr. Balis' deposition transcript; they only object to the $160 court reporter hourly appearance fee. However, the Court finds that the $160 court reporter hourly appearance fee is recoverable and will tax this cost against Defendants. See Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp.2d 1254, 1259 (S.D. Fla. 2013).

### C. Expert Witness Fees

Plaintiff seeks $20,000 in expert witness fees as follows: (1) $1,250 for Dr. Balis; (2) $8,000 for Dr. Hayes; (3) $7,000 for Dr. Desai; (4) $2,500 for Brenda Mulder; and (5) $1,250 for Gerri Pennachio. Defendants dispute these amounts in their entirety, arguing that they exceed the allowable amount under § 1920. The Court agrees that these amounts are excessive, as 28 U.S.C. § 1821 sets forth the amount that can be taxed for witness fees. See Kivi v. Nationwide Mutual Ins. Co., 695 F.2d 1285, 1289 (11th Cir. 1983). Furthermore, § 1821(b) provides that witnesses shall be paid an attendance fee of $40 per day. Accordingly, the Court awards Plaintiffs witness fees of $40 for each of her five expert witnesses, totaling $200.

### D. Hotel, Parking, and Mileage

Plaintiff seeks reimbursement for her counsel's hotel stay during the trial, arguing that because counsel lives over an hour away from the courthouse, it would not have been feasible for her to travel back and forth daily. Defendants object to this $579.99 cost, as it is not included within the costs allowed by § 1920. The Court agrees with Defendants and further finds that this cost is unnecessary. Accordingly, the Court denies Plaintiff's request that this cost be taxed.

Plaintiff also seeks reimbursement of $45 for Plaintiff's counsel's parking during the trial. Defendants object to this cost, as it is not included within the costs allowed by § 1920. The Court agrees with Defendants and denies Plaintiff's request that this cost be taxed. See Gary Brown & Associates v. Ashdon, Inc., 268 Fed. Appx. 837, 846 (11th Cir. 2008).

Plaintiff also seeks reimbursement of $234.43 for Plaintiff's counsel's mileage throughout this case. Defendants object to this cost, as it is not a cost that is taxable under § 1920. The Court agrees with Defendants, and as such, it will not be taxed.

### E. Police Report

Plaintiff seeks reimbursement of $16 to obtain a copy of the police report of the car accident. Defendants object to this cost, as it is not a cost that is taxable under § 1920. However, it appears that this cost is similar to a photocopying cost, which is allowed, as the police report was necessarily obtained for use in the case. Accordingly, the Court will allow this cost to be taxed.

### F. Mediation

Plaintiff seeks reimbursement for the $525 cost of mediation. Defendants object to this cost, as it is not a cost that is taxable under § 1920. The Court agrees with Defendants, and as

such, it will not be taxed.  See id.

### G.  CME

Plaintiff seeks reimbursement of $500 for Plaintiff's CME.  Defendants object to this cost, as it is not a cost that is taxable under § 1920.  The Court agrees with Defendants, and as such, it will not be taxed.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Costs (Doc. No. 89) is **GRANTED IN PART AND DENIED IN PART** as set forth above.  Of the requested $27,070.95 in costs, the Court awards Plaintiff $4,446.53 in costs and denies Plaintiff's request for $22,624.42 in costs.  Plaintiff is directed to file a Bill of Costs for $4,446.53 by April 20, 2015, which the Clerk will tax upon filing.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of April, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record